## No. 6537.

### JACOB STRAUSS vs. M. SOYE ET AL.

Th *proces verbal* of a sheriff, containing all necessary recitals, signed by the sheriff, and the purchaser of the property sold at public sale by the sheriff, and attested by two witnesses, has the legal value of a formal sheriff's deed.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom,* J.

*Hornor & Benedict,* for plaintiff and appellee.

*Charles F. Claiborne,* for defendant.

The opinion of the court was delivered by

MANNING, C. J. The plaintiff enjoined the sale of lot No. 380 on Canal street in this city, which was about to take place under an execution issued upon a judgment against Mrs. Cormier, of which the defendant was the owner by subrogation. The allegation is that Mrs. Cormier is not the owner of the property seized, but that plaintiff owns it by virtue of a purchase at sheriff's sale on the thirteenth of December, 1875, which has been duly recorded.

The answer is as follows: "Now comes into court Martin Soye, made defendant herein, and for answer to the petition herein requires strict proof of the facts and allegations therein, and prays that plaintiff's demand be rejected at his cost."

The plaintiff offered in evidence the *procès verbal* of the sheriff's sale, and the certificate of its registry in the conveyance office. The defendant objected to the introduction in evidence of the *procès verbal,* on the ground that it was not a complete sheriff's deed, and upon the court overruling the objection reserved his bill to the admission of the evidence.

The ruling of the court was correct; the objection went to the sufficiency and effect of the evidence, and not to its admissibility.

No evidence was offered by the defendant, and he relies on a supposed

Strauss vs. Soye.

incompleteness of the sheriff's conveyance to plaintiff, alleging that there must be a deed from the sheriff supplemental to the *procès verbal.*

The *procès verbal* of the sheriff in evidence fulfills all the require-ments of the Code of Practice (articles 692, 693), and is of itself a deed. It contains all the necessary recitals, and is signed by the sheriff and the purchaser, whose signatures are attested by two witnesses.

The judgment was for the plaintiff, and for these reasons —

The judgment of the lower court is affirmed with costs.